
IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| U.S. BANK, NATIONAL ASSOCIATION AS SUCCESSOR IN INTEREST TO BANK OF AMERICA, N.A., AS SUCCESSOR TRUSTEE TO WELLS FARGO BANK, N.A. (F/K/A WELLS FARGO BANK MINNESOTA, N.A.) AS TRUSTEE FOR THE REGISTERED HOLDERS OF J.P. MORGAN CHASE COMMERCIAL MORTGAGE SECURITIES CORP., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2002-CIBC5 | : : : : : : : : : : : : : : | |
| Plaintiff, | : : | No. 2:11-cv-00873-JLL-CCC |
| v. | : : | |
| WOODBRIDGE REALTY ASSOCIATES, LLC | : : : : | |
| Defendant. | : | **Return Date: September 6, 2011** |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR APPOINTMENT OF RECEIVER**

Richard A. O'Halloran, Esquire
Alyson H. Ricker, Esquire
Burns White LLC
51 Haddonfield Road, Suite 140
Cherry Hill, NJ 08002
(856) 382-6006

## Table of Contents

Table of Contents ...................................................................................................................... i

Table of Authorities ................................................................................................................. ii

Memorandum of Law ............................................................................................................... 1

    Introduction ....................................................................................................................... 1

    Facts .................................................................................................................................. 1

    Argument .......................................................................................................................... 6

    Conclusion ........................................................................................................................ 8

**Table of Authorities**

<u>Barclays Bank, P.L.C. v. Davidson Avenue Associates, Ltd.</u>,
 644 A.2d 685 (N.J. App. Div. 1994) ..................................................................................7

<u>Investors Warranty of America, Inc. v. B.W.E. Development, L.L.C., et al.</u>
 2010 WL 2557559 (D.N.J. 2010) ...…………………………………………..……….7

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR APPOINTMENT OF RECEIVER**

**Introduction**

  Plaintiff U.S. Bank, National Association, as successor in interest to Bank of America, N.A., as successor trustee to Wells Fargo Bank, N.A. (f/k/a Wells Fargo Bank Minnesota, N.A.) as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2002-CIBC5 ("Plaintiff" or "Holder") is entitled to the appointment of a receiver to operate and manage the premises at issued in this action because (1) Woodbridge Realty Associates, LLC ("Defendant" or "Borrower") is in monetary default of its obligations under the Loan Documents (as defined herein); (2) Borrower has failed to account for and remit net rents from the Mortgaged Premises (as defined herein) since the date of default; (3) the Loan Documents provide for the appointment of a receiver in the event of Borrower's default thereunder; and (4) Borrower failed to pay a sewer bill which exposed the Mortgaged Premises to tax sale and required Plaintiff to pay the sewer bill to protect its collateral.

  Plaintiff is the current holder of the loan (the "Loan") at issue in this commercial foreclosure action by virtue of the assignment of the Loan to it by Bank of America, N.A., as successor Trustee to Wells Fargo Bank, N.A. (f/k/a Wells Fargo Bank Minnesota, N.A.) as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2002-CIBC5 ("Bank of America"). Bank of America is the successor trustee to Wells Fargo Bank, N.A. (f/k/a Wells Fargo Bank Minnesota, N.A.) as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2002-

1

CIBC5 ("Wells Fargo").  Wells Fargo is the successor by assignment from CIBC Inc. ("Original Lender") in connection with the loan at issue (the "Original Lender").

Defendant is a Delaware limited liability company with its principal place of business at One Hastings Road, Old Westbury, New York 11568.  Defendant is the owner of the property more fully described below (the "Mortgaged Premises") pledged as collateral for the Loan.  Defendant is the successor by assumption to BTS Woodbridge, LLC, a New Jersey limited liability company (the "Original Borrower").

Plaintiff instituted a foreclosure action against Defendant on February 16, 2011.  Defendant was served with the Summons and Complaint on February 21, 2011.

**Facts**

**A.     The Loan**

On September 6, 2002, Original Lender made a loan to Original Borrower in the principal amount of Thirteen Million One Hundred Thousand Dollars and .00/100 ($13,100,000.00) (the "Loan") pursuant to the terms and conditions of that certain Promissory Note (the "Note") executed on even date therewith.  A true and correct copy of the Note is attached to Plaintiff's Complaint as Exhibit "A".

To secure payment of the sums due under the Note, Original Borrower executed to Original Lender that certain Mortgage, Assignment Of Leases And Rents, And Security Agreement (the "Mortgage") dated September 6, 2002 and recorded on September 12, 2002 with the Clerk's Office of Middlesex County, New Jersey (the "Clerk's Office") in Book 07665 at Page 0643, et seq.  A true and correct copy of the Mortgage is attached to Plaintiff's Complaint as Exhibit "B".  The legal description of the Mortgaged Premises is attached to Plaintiff's Complaint as Exhibit "C".

2

To further secure payment of the sums due under the Note, Original Borrower entered into that certain Assignment Of Leases And Rents (the "Lease Assignment") dated as of September 6, 2002 and recorded on September 12, 2002 with the Clerk's Office in Book 07665 at Page 0712, et seq.  A true and correct copy of the Lease Assignment is attached to Plaintiff's Complaint as Exhibit "D".

To further secure payment of the sums due under the Note, Original Borrower provided Original Lender with a security interest in, *inter alia*, the furniture, fixtures and things on the Mortgaged Premises, together with other items and things more fully identified in certain UCC-1 Financing Statements (the "UCC-1s") recorded on September 12, 2002 with the Clerk's Office in Book 02038, Page 1059, et seq. and filed on September 12, 2002 with the New Jersey Department of Treasury as 21220531.

The Mortgage was assigned to Wells Fargo pursuant to that certain Assignment of Mortgage (the "First Assignment of Mortgage") dated as of September 6, 2002 and recorded on November 3, 2003 with the Clerk's Office in Book 00912, Page 0518, et seq.  A true and correct copy of the First Mortgage Assignment is attached to Plaintiff's Complaint as Exhibit "E".

The Lease Assignment was assigned to Wells Fargo pursuant to that certain Assignment of Assignment Of Leases And Rents (the "First Assignment of Lease Assignment") dated as of September 6, 2002 and recorded on November 3, 2003 with the Clerk's Office in Book 00912, Page 0525, et seq.  A true and correct copy of the Mortgage Assignment is attached to Plaintiff's Complaint as Exhibit "F".

The UCC-1s were assigned to Wells Fargo pursuant to those certain UCC-3 Financing Statement Amendments (the "First UCC-3s"), recorded on November 3, 2003 with the Clerk's Office of Middlesex County, New Jersey in Book 2083, Page 1059 and filed on September 15, 2003 with the New Jersey Department of Treasury.

3

Pursuant to that certain Loan Assumption and Substitution Agreement ("Assumption Agreement") dated September 15, 2005 and recorded with the Clerk's Office on October 7, 2005 in Book 00122, Page 0312, et seq. by and among Original Borrower, Robert Berne ("Berne") and Paul Slayton ("Slayton", and together with Berne, the "Original Guarantors"), Defendant, Myron D. Vogel ("Myron Vogel"), Eleanor L. Vogel (Eleanor Vogel"), Andrew H. Vogel ("Andrew Vogel"), and Debra K. Zemel ("Zemel") (Myron Vogel, Eleanor Vogel, Andrew H. Vogel and Zemel are sometimes collectively herein referred to as "Guarantors") and Wells Fargo, the Note, Mortgage, Lease Assignment, UCC-1s and all other documents and instruments evidencing and/or securing the Note and all obligations set forth therein were transferred to and assumed by Defendant. Additionally, pursuant to the Assumption Agreement, Guarantors assumed and agreed to perform all obligations of the Original Guarantors. A true and correct copy of the Assumption Agreement is attached to Plaintiff's Complaint as Exhibit "G".

Effective July 6, 2009, the Mortgage and Lease Assignment were assigned to Bank of America pursuant to that certain Assignment of Mortgage (the "Second Assignment of Mortgage") recorded on August 11, 2010 with the Clerk's Office in Book 01043, Page 0306, et seq. and that certain Assignment of Assignment Of Leases And Rents (the "Second Assignment of Lease Assignment") dated as of July 6, 2009 and recorded on August 11, 2010 with the Clerk's Office in Book 01043, Page 0311, et seq. True and correct copies of the Second Assignment of Mortgage and Second Assignment of Lease Assignment are attached to Plaintiff's Complaint as Exhibits "H" and "I", respectively. The UCC-1s were assigned to Bank of America pursuant to those certain UCC-3 Financing Statement Amendments (the "Second UCC-3s"), recorded on August 11, 2010 with the Clerk's Office in Book 2038, Page 1059 and filed with the New Jersey Department of Treasury.

On December 30, 2010, U.S. Bank, National Association acquired the securitization trust administration business of Bank of America, N.A. Accordingly, as of January 1, 2011, Plaintiff herein is successor in interest to Bank of America.

The Note, Mortgage, Lease Assignment, UCC-1s, First Assignment of Mortgage, First Assignment of Lease Assignment, First UCC-3s, Assumption Agreement, Second Assignment of Mortgage, Second Assignment of Lease Assignment, Second UCC-3s and all other documents evidencing the Loan are sometimes referred to herein as the "Loan Documents".

**B.     The Mortgage**

Article 3.1(d) of the Mortgage provides that in an event of default or defaults thereunder by Defendant, the Holder may:

> "make application to a court of competent jurisdiction for appointment of a receiver for all or any part of the Property, as a matter of strict right and without notice to the [Defendant]. . . [Defendant] does hereby irrevocably consent to such appointment, waives any and all notices of and defenses to such appointment and agrees not to oppose any application therefore by Lender. . ."

**Defendant's Default under the Loan Documents**

Defendant is in default of its obligations to Plaintiff under the Note and Mortgage by virtue of various acts and failures to act, including, without limitation, its failure to make payments when due of amounts payable on account of the Loan from September 1, 2010 and all subsequent payments.

Defendant's failure to make timely payments under the Note constitutes a default by Defendant under the Loan Documents. Based thereon, Plaintiff declared the Loan in default and, in accordance with the terms of the Loan Documents, has accelerated the sums due under the Loan Documents (collectively, the "Indebtedness"). Payment of the balance of the Indebtedness remains due and owing. As of January 31, 2011, Defendant owes the following:

|  |  |
|---|---|
| Principal | $ 11,870,874.14 |
| Note Interest | $ 418,646.16 |
| Default Interest | $ 193,890.94 |
| Late Fees | $ 24,234.08 |
| Prepayment Penalty | $ 1,315,082.00 |
| Negative Tax Escrow | $ 159,521.70 |
| Processing Fees | $ 370.00 |
| (Less Reserve Balance) | $ 111,407.04 |
| TOTAL | $ 13,871,212.01 |
| Per Diem Regular Interest From and After 1/31/11: | $2,275.2509 |
| Per Diem Default Interest From and After 1/31/11: | $1,318.9886 |

In addition thereto, and consistent with the terms and conditions set forth in the Loan Documents, Defendant must reimburse Plaintiff attorneys' fees and costs.

Furthermore, Defendant has defaulted under the terms of the Loan Documents by failing to account for and remit net cash flow in accordance with the terms of the Mortgage and Lease Assignment.  Section 1.9 of the Mortgage provides that: "Borrower hereby absolutely and presently assigns to [Plaintiff] all existing and future Leases, and all existing and future Rents and Profits. . . Until the occurrence of an Event of Default under this Mortgage, Borrower shall have a license to collect and receive the Rents and Profits...Upon the occurrence of an Event of Default, Borrower's license shall automatically terminate without notice to Borrower and [Plaintiff] may thereafter, without taking possession of the [Mortgaged Premises] collect the Rents and Profits by itself or by an agent or receiver.  From and after the termination of such

6

license, Borrower shall be the agent of [Plaintiff] in collection of the Rents and Profits and all of the Rents and Profits so collected by Borrower shall be held in trust by Borrower for the sole and exclusive benefit of [Plaintiff]." Despite the clear language of the Mortgage, Defendant has failed to turn over the net cash flow from the Mortgaged Premises since the time of default. Defendant's failure to turnover the net cash flow constitutes bad faith and is likely evidence that Defendant is making wasteful use of the net cash flows and is further diminishing the value of Plaintiff's interest in the Mortgaged Premises.

**Argument**

Under New Jersey law, Plaintiff is entitled to the appointment of a receiver to operate and manage the Mortgaged Premises during the pendency of this foreclosure action because (1) Defendant agreed to such a remedy when it signed the Mortgage and (2) it is necessary to protect the Plaintiff's security interest in the Mortgage Premises.

This Court has held that the presence of a contractual stipulation to the appointment of receiver in a mortgage "is given considerable weight in the court's evaluation of whether a rent receiver should be appointed." Investors Warranty of America, Inc. v. B.W.E. Development, L.L.C., et al., 2010 WL 2557559, *5 (D.N.J. 2010) (quoting Barclays Bank, P.L.C. v. Davidson Avenue Associates, Ltd., 644 A.2d 685, 687 (N.J. App. Div. 1994)). This Court in Investors stated further that "the Court also considers equitable factors, such as whether the property is inadequate security for the loan and whether the mortgagor has remained in default". Id.

It is beyond dispute that Defendant signed the Mortgage and that the Mortgage contains Defendant's consent to the appointment of a receiver in the event of a default. Additionally, Defendant cannot deny that it remains in default of its obligations under the Loan Documents. Defendant has not paid the monthly debt service in months and has not shown any indication of a

willingness or ability to pay the full amounts due under the Loan Documents now that Plaintiff has accelerated.

Furthermore, Borrower has defaulted under the terms of the Loan Documents by failing to account for and remit the rents collected from the Mortgaged Premises. Borrower's failure to turn over the net cash flow likewise constitutes bad faith and is likely evidence that Borrower is making wasteful use of the net cash flows and is further diminishing the value of Plaintiff's interest in the Property.

If a receiver is appointed, the receiver will collect and marshal rents and revenues from the Mortgaged Premises and will manage the Mortgaged Premises during the pendency of this foreclosure action. The tenants will benefit. The Mortgaged Premises will benefit. Ultimately, Plaintiff and Defendant will benefit.

The appointment of a receiver to operate and manage the Mortgaged Premises is consistent with New Jersey law and the agreement between the parties and will inure to the benefit of the tenants of the Mortgaged Premises, in light of Defendant's failure to make payment under the terms of Loan Documents.

**Conclusion**

In light of the foregoing, Plaintiff is entitled to the appointment of a receiver to operate and manage the Mortgaged Premises.

*/s/ Richard A. O'Halloran*
Richard A. O'Halloran, Esquire
Alyson H. Ricker, Esquire
Burns White LLC
51 Haddonfield Road, Suite 140
Cherry Hill, NJ 08002
(856) 382-6006

8